Charles C. Fish
vs.
Ercolo Piacitelli
No. 62320

December 29, 1927

SUMNER, J. Plaintiff brought suit to recover damages for injuries caused by a collision with the automobile of the defendant. The jury returned a verdict for the plaintiff in the sum of $750 and plaintiff has filed a motion for a new trial on the ground that the damages are inadequate.

Plaintiff, coming from the factory of the Gorham Company, walked along Adelaide avenue to Elmwood avenue; he saw no cars on Elmwood avenue except a truck some distance away to the north. He walked into the avenue, passed the truck and was struck by the car of the defendant when well across the avenue. He said he was within four feet of the further curbing. One witness places him three-quarters across and others say he was half across the avenue.

The defendant had been driving his touring car behind the truck and, as he approached Adelaide avenue, swung out to pass the truck, making a wide curve and putting on speed. He says that he first noticed the plaintiff four or five feet away in front of him.

The plaintiff was picked up from under the car of the defendant and one of the witnesses says the defendant's car went 4, 5 or 6 feet after the accident. The defendant knew there was an intersecting street at this point where the employees from the Gorham Company were wont to cross, but carelessly went ahead, trying to pass the truck.

There were some witnesses in an automobile coming from the south who testified that Fish darted out from the sidewalk, narrowly escaped the truck, and had taken only one or two steps beyond it when he was struck. This car was some distance away—further away, the Court believes, than the occupants of it said it was and for that reason does not place so much confidence in the witnesses that were in it. There were two witnesses, one for plaintiff and one for defendant, both of whom were in the truck and both of whom claim to have been driving the truck which the plaintiff passed preceding the accident. Their stories, however, did not essentially disagree, both testifying that the truck was slightly slowed up for Fish to pass and that he had plenty of clearance and had gone several steps beyond them when he was struck. Most of the witnesses agree that Fish was going at a quick walk and was not running. Kelly, one of the witnesses for the plaintiff, testified that he heard the defendant tell a police officer at the scene of the accident that his brakes did not work.

The Court believes that a verdict for the plaintiff was justified by the evidence. On the other hand, the amount of the verdict, in view of the serious injuries suffered by the plaintiff, is manifestly inadequate. He had a deep scalp wound to the bone, injuries to his back and elbow and leg, which were attended with much pain, and also suffered a concussion of the brain, followed by vertigo, from which he has not entirely recovered. Fourteen months afterwards bronchial asthma set in and plaintiff to-day is a physical wreck as the result of the accident. His deposition was taken at his home. He was earning $28 a week and his doctor's bills amounted to $142.

Plaintiff's motion for a new trial granted.

For plaintiff: Harold R. Semple.

For defendant: William S. Gunning.